**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

MALIK LANGHAM,
Plaintiff,

Civil Action No.
9:23-cv-81014-AMC

v.

COOLING & WINTER, LLC
Defendant.
_______________________________________

**DEFENDANT, COOLING & WINTER, LLC's**
**MOTION TO DISMISS AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW Defendant, Cooling & Winter, LLC (hereinafter, "CW"), pursuant to Fed. R. Civ. Pro. 12(b)(6), and moves this Court to dismiss Plaintiff's Amended Complaint for the reasons set forth in the incorporated Memorandum of Law and states as follows:

1. **Introduction**

Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P.12(b)(6) because it fails to state a claim upon which relief can be granted. While the complaint purports to allege a series of violations of the Fair Debt Collection Practices Act 15 USC §§ 1692c, 1692j, and 1692f, it fails to allege facts sufficient to establish violations of the cited statutes, and its bare legal conclusions are insufficient to survive a motion to dismiss.

2. **Motion to Dismiss Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (internal citations omitted).

"[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft at 664 *quoting* Twombly. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft at 664.

The Court, for purposes of a Motion to Dismiss, can rely on extrinsic documents if the document is 1) incorporated by reference in the pleading (Amended Complaint) or 2) the deems the evidence integral to at least one claim in the pleading. Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 46-48 (2nd Cir. 1991), Chambers v. Time Warner, Inc., 282 F.3d. 147, 153 (2nd Cir. 2002).

Plaintiff alleges in the Facts portion, paragraph 8, of the Amended Complaint that a letter was sent to him by Defendant, Cooling & Winter, LLC. He alleges in his first claim that Defendant communicated with him. In his second claim for relief, he claims he was presented with false and misleading documentation. In his third claim, he states "[w]ithin the contents of letters being received from Cooling & Winter…." His fourth claim for relief includes the allegation, "Cooling & Winter sent unauthorized communication to plaintiff…" Plaintiff is clearly relying on the September 30, 2022 letter, and perhaps other communications, to form the basis for his claim for relief and has incorporated at least one letter by reference to his complaint. The letter in question is attached hereto as Exhibit "A".

**3. <u>The Basic Facts of the Amended Complaint are not pled with specificity</u>**

Paragraph 9 of Plaintiff's Facts claims "plaintiff observed false and misleading information being furnished." Paragraph 10 states "Defendant used deceptive means to get plaintiff to contract," without identifying any contract between Plaintiff and Defendant. Paragraph 11 states Defendant has called plaintiff numerous times without consent" without identifying even one singular instance. These are the sort of bare recitation of elements of a complaint held to be insufficient in <u>Ashcroft</u>.

**4. <u>First Claim for Relief- Communication in Connection with Debt Collection- 15 U.S.C. 1692c</u>**

Paragraph 15 of Plaintiff's amended complaint alleges that, "the Debt Collector violated 15 U.S.C. 1692c of the FDCPA by communicating with consumer without the written permission from consumer." This allegation of Plaintiff's complaint must fail because, 1) 15 USC § 1692c is not a blanket prohibition of communication with consumers without consent, but rather, only prohibits communications in certain circumstances, and 2) the Amended Complaint fails to identify the nature of the communication nor does it identify the communications themselves. Rather, it simply states that Defendant did not have permission from Defendant to contact them.

15 USC § 1692c(a) provides three circumstances in which communications with consumers are prohibited, 1) at unusual times and places, 2) when a consumer is represented by counsel, and 3) at the consumer's place of employment. Plaintiff fails to allege that any of these three prohibited circumstances were associated with the alleged actionable communications in the Complaint, therefore this allegation of the Complaint must be dismissed.

5. **Second Claim for Relief- False or Misleading Representations- 15 U.S.C. 1692e (**

The allegations of this claim are deficient because they allege that Defendant illegally conveyed false and misleading information to Plaintiff, but do not actually identify any false or misleading communications. The only actual allegedly

actionable communication alleged by Defendant is a statement that Cooling & Winter, LLC identifies as both a debt collector and a law firm. This statement is not false or misleading because Cooling & Winter, LLC is a debt collector as defined by 15 USC 1692, and is a law firm. Disclosing these facts to Plaintiff in its initial communication is not misleading. In fact, 15 USC 1692f unequivocally states that the failure to disclose its status as a debt collector in the initial communication would constitute false and misleading conduct.

Based on the foregoing, the Second Claim for Relief in Plaintiff's Amended Complaint should be dismissed because it does not meet the pleading requirements of Ashcroft.

**6. Third Claim for Relief- Acquisition of Location Information 15 USC 1692b(5)**

Plaintiff's third claim for relief fails because the allegedly actionable communication identified by Plaintiff was made *to the Plaintiff*, but the statute cited by Plaintiff makes the communication actionable only when made to a third party. Specifically, 15 USC 1692(b)(5) states in relevant part that, "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer….". The communication identified by Plaintiff in this claim is one that he received- not received by a third

party. Plaintiff has not made any allegations regarding Defendant's communications with regard to any third parties.

Based on the foregoing, the allegations of Plaintiff's Third Statement of Claim within Plaintiff's Amended Complaint should be dismissed.

7. **Fourth Claim for Relief- Unfair Practices – 15 USC 1692f**

Plaintiff's sole basis for this claim is that Defendant "sent unauthorized communication to plaintiff on numerous occasions". Not only is there insufficient evidence of any communications other than the initial demand letter attached hereto as Exhibit "A", but there are no facts to support that any such communication rose to a level of unfair or unconscionable. There is no requirement that a debt collector first obtain permission from a debtor to send communications. There is no allegation from Plaintiff that at any time a request was made that communications cease, pursuant to 15 USC 1692c.

As Plaintiff has failed to assert any facts to support violation of 15 USC 1692f, this Claim for Relief should be dismissed from Plaintiff's Amended Complaint.

8. **Fifth Claim for Relief- Furnishing Deceptive Forms- 15 USC 1692j**

Plaintiff asserts that the communications he received from Defendant caused him to believe that he owed money to Defendant. As evidenced by the letter in question, attached hereto as Exhibit "A", it clearly states that "Cooling & Winter,

LLC is a debt collector. We are trying to collect a debt that you owe to Capital One Bank (USA), N.A.”. Defendant’s Initial Demand Letter is in substantial compliance with the form promulgated by the Consumer Financial Protection Bureau to ensure it is not deceptive in any way and that it complies with the requirements of the Federal Fair Debt Collections Practices Act (FDCPA).

**9. Conclusion.**

All of the facts alleged in Plaintiff’s Amended Complaint in this case are deficient under the pleading standard outlined by the Supreme Court in Ashcroft, and each Claim for Relief fails to identify any facts demonstrating actual violations of the statute referenced therein, and must be dismissed.

Date: September 28, 2023.

/s/ Joy Lynn Kundawala
Joy Lynn Kundawala
Florida Bar 69406
Attorney for Defendant
Cooling & Winter LLC
7901 SW 6th Court, Suite 130
Plantation, FL 33324
jkundawala@coolingwinter.com
(954) 903-2806

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

MALIK LANGHAM,
Plaintiff,

Civil Action No.
9:23-cv-81014-AMC

v.

COOLING & WINTER, LLC
Defendant.

______________________________________

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I served the foregoing DEFENDANT, COOLING & WINTER, LLC's MOTION TO DISMISS AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW via first class mail and email to the following:

MALIK J LANGHAM
401 West Atlantic Ave
#332
Delray Beach, FL 33444
Mlangham1@hotmail.com

Respectfully submitted this 28 day of September 2023.

Cooling & Winter LLC

/s/ Joy Lynn Kundawala
Joy Lynn Kundawala
Florida Bar 69406
Attorney for Defendant
Cooling & Winter LLC
7901 SW 6th Court, Suite 130
Plantation, FL 33324
jkundawala@coolingwinter.com
(954) 903-2806